RECEIPT # 11953
AMOUNT $ 250.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 —
WAIVER FORM —
MCF ISSUED
BY DPTY. CLK. *James*
DATE 2/21/2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2006 APR 21  P 12: 32

U.S. DISTRICT COURT
DISTRICT OF MASS.

CIVIL ACTION NO.

SUSAN WEITZNER,
    Plaintiff

Vs.

CREDITORS FINANCIAL
GROUP, LLC.
    Defendant

06 CA 10708 JLT

MAGISTRATE JUDGE _____

## DEFENDANTS' NOTICE OF REMOVAL

The defendant Creditors Financial Group, LLC ("Creditors"), hereby removes the within action from the Worcester Superior Court (Worcester County), Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C., §§ 1331, 1441(a), (b), and 1446(a). As grounds for the removal of this action, the defendant states as follows:

(1) The plaintiff Susan Weitzner ("Weitzner") commenced a civil action in the Worcester Superior Court on or about March 20, 2006, captioned *Susan Weitzner v. Creditors Financial Group, LLC*, Worcester Superior Court, Civil Action No. 2006-00585;

(2) Service of the Summons and Verified Complaint was purportedly made on the defendant Creditors, by an agent, on or about March 30, 2006;

(3) The plaintiff's Complaint alleges that creditors violated, inter alia, a federal statute known as the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq (see Complaint, paragraph 10, which references the statute by its common name only), alleges that the defendant persisted in wrongful collection efforts, and alleges that she was harmed by the defendant's conduct;

ID # 468177v01/15051-3/ 04.21.2006

(4) The plaintiff also claims that the alleged conduct violated the Massachusetts General Laws and the Massachusetts Attorney General's regulations;

(5) The plaintiff has a usual residence in Leominster, Massachusetts; the defendant Creditors is a limited liability company with places of business in Amherst, New York and Auroa, Colorado;

(6) This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §1331 as the plaintiff alleges violations of the Laws of the United States.

Attached hereto, pursuant to 28 U.S.C. §1446(a), are copies of the Summons and Complaint with which the defendants were served in this matter.

CREDITORS FINANCIAL GROUP, LLC
By its attorney,

_____
Steven S. Broadley, BBO #542305
Posternak Blankstein & Lund, LLP
Prudential Tower
800 Boylston Street, 33rd Floor
Boston, MA 02199-8004
617-973-6100

### CERTIFICATE OF SERVICE

I, Steven S. Broadley, Esquire of Posternak, Blankstein & Lund, LLP, hereby certify that on this 21 day of April, 2006, I caused a copy of the above **Notice of Removal** to be mailed to Attorney Robert J. Casey, Jr., 6 Lancaster County Road, Harvard, MA 01451

_____
Steven S. Broadley

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 06-0555C

Susan Weitzner,

     Plaintiff(s)

v.

Creditors Financial Group, LLC,

     Defendant(s)

**SUMMONS**

\* To the above-named Defendant:

You are hereby summoned and required to serve upon Robert F. Casey, Jr., plaintiff's attorney, whose address is 6 Lancaster County Road, Harvard, MA 01451, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, BARBARA J. ROUSE, Esquire, at Worcester, the 23rd day of March in the year of our Lord two thousand and 06.

A true copy Attest:

_____ Deputy Sheriff Suffolk County

_____ Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\* NOTICE TO DEFENDANT. You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

COMMONWEALTH OF MASSUCHUSETTS

WORCESTER, SS.  SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO:

SUSAN WEITZNER, )
    Plaintiff )
)
Vs. )
)
CREDITORS FINANCIAL )
GROUP, LLC, )
    Defendant )

**COPY**

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, Susan Weitnzer and states the following as her complaint pursuant to *Rules of Civil Procedure Rule 8*:

### PARTIES

1. The Plaintiff, Susan Weitnzer (hereinafter referred to as the "Plaintiff") is an individual who resides at 78 Heritage Lane, Apt. B3, Leominster, Worcester County, Massachusetts.

2. The Defendant, Creditors Financial Group, LLC, is a foreign limited liability company duly organized under the laws of New York, and doing business in Massachusetts (hereinafter referred to as the "Defendant").

### FACTS

3. On March 7, 2005, Mark Lavin, an employee of the Defendant did telephone the Plaintiff at her place of employment leaving a threatening message with the Plaintiff's co-worker, Kathy Flanders.

4. The message left with Kath Flanders by Mark Lavin was that if the Plaintiff did not return his call, "a sheriff would come to Susan Weitnzer's place of employment".

5. Word spread throughout the Plaintiff's place of employment that the Plaintiff was involved in a criminal matter because of the threatening message left by the Defendant's representative, Mark Lavin.

6. The Plaintiff contacted Mark Lavin on December 7, 2005. Mark Lavin told the Plaintiff that she needed to make immediately payment to the Defendant in the amount of Thirteen Thousand ($13,000.00) Dollars. Mark Lavin told the Plaintiff that payment had to be paid by Monday, December 12, 2005, or her paycheck would be taken and a court would make her pay much more.

7. Again, on December 9, 2005, another employee of the Defendant telephoned the Plaintiff at her place of employment. However, the Plaintiff was not a work due to inclement whether.

8. On December 12, 2005, the Plaintiff telephoned the Defendant and asked that no more collection calls be made to her at her place of employment. The Plaintiff, during that telephone call, asked for the Defendant's mailing address to send a letter stating that no more collection calls were to be made to her place of employment. The employee answering the telephone for the Defendant refused to give the Defendant's address to the Plaintiff.

9. Again, on December 12, 2005, a female employee of the Defendant called the Plaintiff at her place of employment. The Plaintiff advised the Defendant's employee that she was breaking the law by calling her at work. The Defendant's employee took a very hostile attitude with the Plaintiff on the telephone and accused the Plaintiff of stealing money.

10. Plaintiff is entitled to protection as a consumer under both state and federal law including *M.G.L. Chapter 93A, Section 2 et seq*, and the *Fair Debt Collection Practices Act*. (See Exhibit A attached hereto and incorporated herein).

11. The Defendant is in violation of the *Mass Attorney General's Regulations of Debt Collection Practices 940 CRM 7.04*.

WHEREFORE, the Plaintiff, Susan Weitnzer, demands judgment of the Defendant, Creditors Financial Group, LLC, for violation of *M.G.L. Chapter. 93A, Section 2 et seq*. with treble damages, attorneys' fees, interest and costs.

SUSAN WEITNZER, Plaintiff<br>
By her attorney,<br>
<br>
Robert J. Casey, Jr.<br>
6 Lancaster County Road<br>
Harvard, MA 01451<br>
Telephone #: (978) 772-2223<br>
BBO#: 077700

Dated: March 15, 2006

# EXHIBIT "A"

FILE COPY

# ROBERT F. CASEY, JR., P.C.
### ATTORNEY AT LAW

6 LANCASTER COUNTY ROAD
HARVARD, MASSACHUSETTS 01451
TEL: (978) 772-2223    (800) 649-5400
FAX: (978) 772-6585
E-MAIL: BOBCASEY@BOBCASEY.COM

January 11, 2006

VIA CERTIFIED MAIL/RRR ONLY

Mr. Mark Lavin
Creditors Financial Group
3131 South Vaughn Way, Suit 110
Aurora, CO 80014-3501

RE: Susan Weitzner
    Reference No.: 5183406 B57

Dear Mr. Lavin:

This office represents Susan Weitzner.

This is a demand for relief under *M.G.L. Chapter 93A § 9* for unlawful debt collection acts. Susan Weitzner seeks money damages based on the following facts:

1) On December 7, 2005 Mark Lavin did telephone Susan Weitzner's place of employment and spoke to Kathy Flanders, who answered the telephone for Susan Weitzner's employer, Micro Networks Corporation of Worcester, Massachusetts.

2) Mark Lavin said that Susan Weitzner must telephone Mark Lavin. If she, Susan Weitzner, did not call, Mark Lavin said a sheriff would come to Susan Weitzner's place of employment.

3) Kathy Flanders informed Susan Weitzner's supervisor, Thomas Borski of what Mark Lavin had said.

4) Thomas Borski then approached Susan Weitzner while she was working and said that Susan Weitzner had to make a telephone call to Mark Lavin and a sheriff would arrest her if she did not make the call.

Page 1 of 3

Page 2
January 11, 2006

5) Word spread throughout Susan Weitzner's place of employment that Susan Weitzner was involved in a criminal matter.

6) Susan Weitzner did telephone Mark Lavin on December 7, 2005. Mark Lavin said Susan Weitzner had to immediately pay thirteen thousand ($13,000.00) dollars and that she must borrow the money if she did not have the funds. Mark Lavin said the money had to be paid by Monday, December 12, 2005.

Mark Lavin said he required immediate proof that Susan Weitzner applied for a loan. He said her paycheck could be taken and a court would make her pay much more.

7) Susan Weitzner was fearful that she would be arrested. She went immediately to her bank. She was approved for a six thousand ($6,000.00) dollar loan. Susan Weitzner from the bank telephoned Mark Levin who said a six thousand ($6,000.00) dollar payment was not sufficient and Susan Weitzner had to obtain the balance elsewhere. Susan Weitzner was scared and crying while in the bank.

8) On December 9, 2005 another employee of Credit Financial Group telephoned for Susan Weitzner at work; Susan Weitzner was not present due to a snowstorm.

9) On December 12, 2005 Susan Weitzner telephoned an employee of Credit Financial Group and said no more collection calls were to be made to her at her place of employment. Susan Weitzner asked for Credit Financial Group's address to send a letter stating no more calls to work. The employee refused to give Credit Financial Group's address.

10) On December 14, 2005 a female employee of Credit Financial Group called Susan Weitzner. Susan Weitzner said that Credit Financial Group was breaking the law by calling Susan Weitzner's employer. The female employee became hostile stating that Susan Weitzner must have committed a crime and that Susan Weitzner was stealing money.

11) Susan Weitzner is entitled to protection as a consumer under both state and federal law including *M.G.L. Chapter 93A§ 2 et seq*, and the *Fair Debt Collection Practices Act*.

Page 3
January 11, 2006

    12)    Credit Financial Group has violated the *Mass Attorney General's Regulations of Debt Collection Practices 940 CMR 7.04*.

Demand is made for seventy five thousand ($75,000.00) dollars in money damages.

Unless a reasonable offer of settlement is received within thirty (30) days Susan Weitzner will commence a civil action seeking injunctive relief, treble damages, attorney's fees, interest, and costs.

                                      Very truly yours,

                                      Robert F. Casey, Jr.

RFC: me

cc:    MBNA (400 Christiana Road, Newark, DE 19713) (via Certified Mail/RRR)




| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Worcester |
|---|---|---|
| PLAINTIFF(S) Susan Weitnzer | | DEFENDANT(S) Creditors Financial Group, LLC |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Robert F. Casey, Jr. Board of Bar Overseers number: 077700 | | ATTORNEY (If known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1 F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s. 104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s. 102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.R 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Tort-93A action | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................................ $ ..............
  2. Total Doctor expenses ............................................................. $ ..............
  3. Total chiropractic expenses ...................................................... $ ..............
  4. Total physical therapy expenses ................................................ $ ..............
  5. Total other expenses (describe) ................................................. $ ..............
                                                                    Subtotal $ ..............
B. Documented lost wages and compensation to date .............................. $ ..............
C. Documented property damages to date ............................................. $ ..............
D. Reasonably anticipated future medical and hospital expenses ................. $ ..............
E. Reasonably anticipated lost wages .................................................. $ ..............
F. Other documented items of damages (describe)
                                                                              $ ..............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   The Defendant engaged in unfair and deceptive consumer debt collection practices.
                                                                              $ ..............
                                                                    TOTAL $ $75,000.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                                    TOTAL $ ..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Robert F. Casey, Jr._   DATE: March 15, 2006

Commonwealth of Massachusetts
The Trial Court
Middlesex Division        Superior Court Department        Docket No. _____

UNIFORM COUNSEL CERTIFICATION FORM

Case Caption: Susan Weitzner
v.
Creditors Financial Group, LLC

I am attorney-of-record for Susan Weitzner, Plaintiff in the above-entitled matter.

In accordance with *Rule 5* of the *Supreme Judicial Court Uniform Rules on Dispute Resolution* (SJC Rule 1:18) which states in part:

> A....Attorneys shall provide their clients with this information about court-connected dispute resolution services; discuss with their clients the advantages and disadvantages of the various methods of dispute resolution; and certify their compliance with this requirement on the civil cover sheet or its equivalent.≈

I hereby certify that I have complied with this requirement.

_____
Signature of Attorney-of-Record

_____Robert F. Casey, Jr._____
Print Name

B.B.O.# __077700__

Date: March 15, 2006

INSTRUCTIONS:

Plaintiff's/Petitioner's counsel shall file this document at the time his/her initial pleading is filed. All other counsel shall file it within thirty (30) days of his/her initial entry into the case whether by answer, motion, appearance slip or other pleading.

# Commonwealth of Massachusetts
## County of Worcester
### The Superior Court

CIVIL DOCKET# WOCV2006-00585-C

RE: Weitnzer v Creditors Financial Group LLC

TO: Robert F Casey Jr, Esquire
6 Lancaster Country Road
Harvard, MA 01451



RECEIVED MAR 22 2006 By_____

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 06/18/2006 |
| Response to the complaint filed (also see MRCP 12) | 08/17/2006 |
| All motions under MRCP 12, 19, and 20 filed | 08/17/2006 |
| All motions under MRCP 15 filed | 08/17/2006 |
| All discovery requests and depositions completed | 01/14/2007 |
| All motions under MRCP 56 served and heard | 02/13/2007 |
| Final pre-trial conference held and firm trial date set | 03/15/2007 |
| Case disposed | 05/14/2007 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session C sitting in **Rm 16 (Session C) at Worcester Superior Court.**

Dated: 03/20/2006

Francis A. Ford
Clerk of the Courts
BY: Alexander Rodriguez, III
Assistant Clerk

Location: Rm 16 (Session C)
Telephone: 508-770-1899, Ext. 126 or Ext. 105 (Session Clerk)

cvdtracf_2.wpd 1164470 inidocol laplant